IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ASLAM HANDY,
        Plaintiff,

v.                                                              Civil Action No. 3:17-CV-274-JAG

JOHNSON & JOHNSON,
FEDERAL RESERVE BOARD OF GOVERNORS,
TOYOTA MOTOR ENGINEERING & MANUFACTURING,
MAXIMUS, INC.
        Defendants.

## OPINION

The pro se plaintiff, Aslam Handy, brings this suit against Johnson & Johnson, the Federal Reserve Board of Governors ("Federal Reserve"), Toyota Motor Engineering & Manufacturing North America ("Toyota"), and Maximus, Inc. ("Maximus"). The Court ordered Handy to submit a particularized complaint, as his original lacked clarity and factual specificity. The Court instructed him to set forth a statement of facts and to identify his legal claims and the basis for those claims. Handy failed to follow the Court's instructions and his "particularized complaint" remains vague. He appears to allege that the defendants discriminated against and unlawfully terminated him. The defendants moved to dismiss.

## I. BACKGROUND

Handy's claims apparently arise from his employment with the Federal Reserve[1] and the defendant companies. He complains of "continuous harassment" and "bullying and terrorizing" at the Federal Reserve and "at other places [he has] worked since '07." (Dk. No. 11, at 6.) He

---

[1] Handy names the Federal Reserve Board of Governors as a defendant, and not the Federal Reserve Bank of Richmond, where Handy actually worked. As set forth in detail herein, the disposition of this case remains the same regardless of the entity against which Handy intended to bring his claim(s).

alleges that a "mafia like cartel" controls the Federal Reserve, causing "ongoing bullying and terrorist like activities," such as the deaths of his uncles in India, his cousin in the United Kingdom, and his wife's sister in the United States. *Id.* at 6–7. Handy believes that this "terrorism" began when he reported compliance issues to his superiors and the Federal Reserve terminated his employment.

Despite being highly qualified and a "perfect fit" at the companies he applies to, Handy struggles to find employment. (Dk. No. 11, at 8.) He believes the Federal Reserve induces companies to either refuse to hire him, or to terminate his employment. He insists no company would terminate him "unless they were forced" to do so by the Federal Reserve. *Id.* at 9.

Johnson & Johnson,[2] Toyota, and Maximus all terminated Handy. He speculates that these terminations occur once the "powerful individuals" at the Federal Reserve learn of his location and "put in place mechanisms to have [him] removed." (Dk. No. 11, at 8.)

To illustrate, Handy describes his most recent employment with Maximus. On May 9, 2017, Handy received an unexpected "warning letter." *Id.* at 9. His superiors asked him to do work outside of his job description and to improve his performance. Despite excellent feedback from customers and a "verbal commitment" to a one-year contract, Maximus terminated Handy's employment on May 25, 2017. *Id.* at 15.

Handy also blames the Federal Reserve and its "subcontractors"[3] for his wife's health problems, which were exacerbated during their 2007 relocation to Richmond, Virginia for Handy to begin working at the Federal Reserve. He notes that Federal Reserve subcontractors who

---

[2] Although it is unclear from the complaint, it appears that Handy's employment with Johnson & Johnson predates his employment with the Federal Reserve.

[3] Handy refers to Federal Reserve "subcontractors" and identifies Johnson & Johnson, Toyota, and Maximus as such. The defendants contest this label. Handy does not plead facts establishing them as Federal Reserve subcontractors. Instead, he notes that the defendants are paid in money printed by the Federal Reserve.

2

inspected their Virginia home missed mold and leakage problems. He speculates that these issues were deliberately ignored, and that mold was planted in his home at the behest of the Federal Reserve.

Handy asks for a monetary award of $9,000,000 from Johnson & Johnson, $60,000 from Toyota, $60,000 from Maximus, and $11,000,000 from the Federal Reserve.[4]

## II. DISCUSSION

The defendants have moved to dismiss on a number of grounds. As described in detail below, the Court dismisses the particularized complaint for the following reasons:

(A) The Court dismisses the complaint against the Federal Reserve for a lack of subject matter jurisdiction due to sovereign immunity.

(B) The Court dismisses the complaint against Johnson & Johnson and Toyota for lack of personal jurisdiction.

(C) The Court dismisses the complaint against Maximus because it fails to state a claim upon which relief can be granted. The Court notes that, in additional to jurisdictional issues, the complaint fails to state a claim against all defendants.

### *A. Subject Matter Jurisdiction*[5]

As sovereign, the United States is "immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). This immunity extends to "instrumentalities" of the federal government, including the Board of Governors of the Federal Reserve. *Research Triangle Inst. v. Bd. of Governors of the Fed. Reserve Sys.*, 132 F.3d 985,

---

[4] Handy also requests that $600,000,000 of a 2007 grant to the Federal Reserve be used to implement a remote monitoring system he invented. He believes that this system will collect evidence needed to put an end to cancer, mental illness, climate change, and terrorism.

[5] A motion under Rule 12(b)(1) tests the court's subject matter jurisdiction. The plaintiff bears the burden of proving proper subject matter jurisdiction as the party asserting jurisdiction. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

987, 990 (4th Cir. 1997). The extent to which the United States has waived sovereign immunity in any court defines that court's jurisdiction to entertain the suit. *Id.* at 987.

Handy fails to identify any waiver of sovereign immunity applicable to his claims against the Federal Reserve. The Court thus dismisses his claims against the Federal Reserve because, absent a waiver of sovereign immunity, the Court lacks subject matter jurisdiction over it.

### B. Personal Jurisdiction[6]

Johnson & Johnson and Toyota move to dismiss due to lack of personal jurisdiction. A court can have either general or specific personal jurisdiction over a defendant. *Bristol-Myers Squibb Co. v. Superior Court*, 137 S.Ct. 1773, 1780 (2017). General jurisdiction over a company exists where that company (1) is incorporated, (2) has its principal place of business, or (3) has contacts "so continuous and systematic" so as to render them "essentially at home." *Daimler AG v. Bauman*, 134 S. Ct. 746, 758 n. 11, 760 (2014) (internal quotations omitted). Specific jurisdiction exists in a forum when the suit arises out of a defendant's specific contacts with that forum. *Bristol-Myers Squibb*, 137 S. Ct. at 1780.

#### 1. *Johnson & Johnson*

Johnson & Johnson is a New Jersey corporation with its principal place of business in New Jersey. Handy does not allege facts sufficient to show that Johnson & Johnson has contacts with Virginia continuous and systematic enough to render it essentially at home. Handy's claims

---

[6] A Rule 12(b)(2) motion challenges a court's exercise of personal jurisdiction over a defendant. The plaintiff bears the burden of demonstrating jurisdiction. *Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016). When courts address a challenge to personal jurisdiction by reviewing the complaint and the parties' motions, accompanying affidavits, and supporting memoranda, the plaintiff must make a prima facie showing of personal jurisdiction to survive the challenge. *Id.* at 268. "In considering a challenge on such a record, the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

appear to arise from his employment with Johnson & Johnson in New Jersey. He fails to allege any Johnson & Johnson conduct that would give rise to specific jurisdiction in Virginia. The Court thus dismisses Handy's claims against Johnson & Johnson because the Court lacks general and specific personal jurisdiction over Johnson & Johnson.

### 2. *Toyota*

Toyota is a Kentucky corporation with its principal place of business in Kentucky. Handy does not allege facts sufficient to show that Toyota has contacts with Virginia continuous and systematic enough to render Toyota essentially at home. His claims appear to stem from his employment with Toyota in Kentucky, and he fails to allege conduct by Toyota that gives rise to specific jurisdiction in Virginia. The Court dismisses Handy's claims against Toyota because the Court lacks general and specific personal jurisdiction over Toyota.

### *C. Failure to State a Claim*[7]

Each defendant moves for dismissal under Rule 12(b)(6) for failure to state a claim. The Court reads pro se complaints with "special judicial solicitude" but will not become an advocate for the plaintiff or recognize "extravagant claims defying the most concerted efforts to unravel them." *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (internal quotations omitted).

---

[7] A Rule 12(b)(6) motion gauges the sufficiency of a complaint without resolving any factual discrepancies or testing the merits of the claims. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, state a claim to relief that is plausible on its face. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

### 1. *Maximus*

Handy demands $60,000 from Maximus. He alleges his termination violated a verbal commitment to a "1 year contract." (Dk. No. 11, at 15.) Construed liberally, Handy attempts to assert a breach of contract claim. In Virginia, this claim requires him to show the following: (1) a legally enforceable obligation; (2) a breach of that obligation; and (3) that the breach caused his injury. *Filak v. George*, 267 Va. 612, 619, 594 S.E.2d 610, 614 (2004). Handy fails to plead facts establishing the contract's existence, Maximus' obligations under it, or how Maximus breached it by terminating him. The Court therefore grants Maximus' motion because the facts alleged are not enough to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### 2. *Federal Reserve, Johnson & Johnson, and Toyota*

Although claims against the Federal Reserve, Johnson & Johnson, and Toyota are dismissed on other grounds, the Court notes that Handy also fails to state a claim upon which relief can be granted against *any* defendant. His complaint identifies "issues" such as job discrimination and Americans with Disabilities Act violations, but fails to plead facts sufficient to move any of his claims "above the speculative level." *Twombly*, 550 U.S. at 555.

Handy complains of discrimination generally but fails to describe any discrimination. He speculates that the Federal Reserve in Richmond terminated his employment because he reported compliance issues, not because of his membership in a protected class. He argues that his other employers terminated his employment due to Federal Reserve influence, not because of his membership in a protected class. He asserts that no competent employer would terminate him absent an ulterior motive, but does not allege facts showing a <u>discriminatory</u> motive.

Handy also attempts to bring an ADA claim on behalf of his wife, who allegedly suffered physical injury when their family relocated in 2007. To have standing to bring a claim on behalf of his wife, Handy needs to plead facts showing (1) an injury-in-fact; (2) a close relationship between himself and his wife; and (3) a hindrance to his wife's ability to protect her own rights. *Freilich v. Upper Chesapeake Health, Inc.*, 313 F.3d 205, 215 (4th Cir. 2002). Handy has not pled facts to establish standing to bring a claim on his wife's behalf.

Finally, Handy's complaint refers to a general grievance that attempts to hold each defendant accountable for, among other things, terrorism and climate change due to their refusal to implement programs he developed. Handy lacks standing to bring such a claim as he fails to identify a concrete and particularized injury-in-fact. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

## IV. **CONCLUSION**

Having already directed the plaintiff to plead specific facts, and the plaintiff having failed to do so, the Court dismisses this case with prejudice.

The Court will enter an appropriate order.

Let the Clerk send a copy of this Opinion to all counsel of record and to the pro se plaintiff.

Date: December 12, 2017
Richmond, VA

/s/ K/.
John A. Gibney, Jr.
United States District Judge